## ROGERS v. UNITED SELLING CO.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

**1. TRIAL (§ 387\*)—DUTY TO DETERMINE ALL THE ISSUES.**

In an action for breach of contract in which defendant counterclaimed for a breach by plaintiff, where the evidence showed a contract but was conflicting as to its terms, the court should have determined the terms of the contract and by which party it was broken, and erred in dismissing the complaint and counterclaim without determining these issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 903–907; Dec. Dig. § 387.\*]

**2. APPEAL AND ERROR (§ 1177\*)—DISPOSITION OF CAUSE—GRANTING NEW TRIAL.**

On appeal from a judgment dismissing the complaint and the counterclaim for breach of contract, where the evidence showed a contract but was conflicting as to its terms, the court would not determine the terms of the contract on the typewritten record for the purpose of determining by which party it was broken, but would order a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.\*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George M. Rogers against the United Selling Company. From a judgment dismissing plaintiff's complaint and defendant's counterclaim, both parties appeal. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Jerome C. Lewis, of New York City, for plaintiff.

Edward A. Alexander, of New York City, for defendant.

SEABURY, J. The plaintiff sued for damages for breach of contract. The answer pleaded a general denial and a counterclaim based upon the alleged breach of the contract by the plaintiff. The court below dismissed the complaint and the counterclaim, and the plaintiff appeals from that part of the judgment which dismissed the complaint, and the defendant appeals from that part of the judgment which dismissed the counterclaim.

[1, 2] The record is in a somewhat confused state, but it sufficiently appears that the plaintiff and defendant entered into a contract concerning the sale of razors. There was a conflict in the testimony as to what the precise terms of this contract were. Until this disputed question is determined it is impossible to ascertain whether there was a breach of the contract by the plaintiff or the defendant.

As there was undoubtedly a contract between the parties, the court below should have determined as to its terms. From all the testimony in the case it is evident that there should have been a judgment either for the plaintiff or the defendant. This determination should not be made from the typewritten record, but by the trial court, which has the benefit of seeing the witnesses and hearing them testify. Once

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the disputed question of fact as to the terms of the contract is determined, it will be a simple matter to ascertain whether the plaintiff or defendant was responsible for the breach of the contract. This issue not having been determined by the court below, the judgment will be reversed, and the cause remitted to the lower court for determination.

Judgment reversed, and new trial ordered, without costs to either party. All concur.